No. 30,857.

H. J. Konantz, *Appellee*, v. Charles W. Johnson, as Receiver, etc.; Joseph Brown, as Trustee, etc., et al., *Appellants.*

(18 P. 2d 195.)

Opinion filed January 28, 1933.

*W. N. Moore,* of Phillipsburg, for the appellants.

*W. A. Barron,* of Phillipsburg, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by an investor to recover from the receiver of an insolvent bank for failure of the bank, when it was a going concern, to invest plaintiff's funds pursuant to an agreement with the cashier of the bank relating to that subject. Plaintiff recovered, and the receiver appeals.

Plaintiff had money on deposit in the Phillips County Bank. The cashier proposed to plaintiff that the bank would invest the money for plaintiff. The bank proposed to transfer to plaintiff paper which it held, and the bank would indorse such paper, and would guarantee such paper, so plaintiff would be absolutely safe. The proposition was accepted. Plaintiff's money was invested in notes out of the bank's note case, and interest was collected by the bank and placed in plaintiff's account. Plaintiff lived in Olathe, and did not at any time receive from the bank the paper in which his funds were invested. The bank failed. On investigation at Phillipsburg, plaintiff found in the possession of the ex-cashier an envelope containing three worthless notes, purporting to be assigned to plaintiff by the bank, without recourse. The indorsements presented a peculiar appearance, and indicated they were not placed on the notes at a time when plaintiff's funds were supposedly invested in them. In any event, the indorsements did not comply with the bank's contract whereby it obtained plaintiff's money for its own use and benefit. Plaintiff took the notes provisionally, and tried to collect them. Being unable to collect them, plaintiff sued the receiver, and recovered judgment for $2,514.90.

The only question presented is whether the evidence was sufficient to sustain the judgment. The evidence was ample for that purpose, and there is no doubt about liability of the bank to plaintiff under the circumstances stated.

The judgment of the district court is affirmed.

THIELE, J., not participating.